ON MOTION FOR REHEARING

SHAHOOD, J.
We deny appellee’s, Laura Chrystal, motion for rehearing, withdraw our prior opinion and substitute the following opinion in its place.
Tillie Blumenfeld, appellant, challenges an order holding her in contempt of a final judgment of divorce to which she was not a party. The final judgment imposed a ten-day jail sentence if she failed to comply *1194 with the final judgment within three days of the contempt order. We reverse.
Appellant is the mother of the former husband in the dissolution action. In January of 2002, the trial court entered a final judgment of dissolution of marriage between the former husband and former wife. Prior to the dissolution, appellant had established custodial accounts for her grandchildren, the children of the parties to the dissolution action. The final judgment provided that all custodial accounts held for the minor children were to be put in the former wife’s name, including the accounts at Quick & Reilly which are or were in the former husband’s name. For a brief period, appellant had designated the former husband, appellant’s son, as custodian, but the accounts were returned to the appellant before the final judgment was entered.
The former wife, appellee, moved for determination of the disposition of the funds in the custodial accounts, alleging that after the final judgment was entered, the appellant withdrew money from the custodial accounts and transferred the funds to a bank account in her and the former husband’s names.
A hearing was set for July 19, 2002. Before the hearing, the appellant and the appellee submitted an agreed order prohibiting the appellant from further transferring the funds. The appellant then sought to continue the July 19, 2002, hearing because she would be out of the country. After a hearing on that motion, the court entered an order continuing the hearing to August or September.
Thereafter, the appellee retained new counsel who filed a motion for emergency hearing for civil contempt and set the hearing for July 19, 2002. The motion requested that the court order the appellant to turn over the funds that are the subject of the agreed order. The motion also requested the court to hold the former husband and appellant in civil contempt.
The hearing was held on July 19, 2002. An attorney for the appellant was present, who informed the court that an agreed order had been entered providing that the funds would not be transferred until a full evidentiary hearing was held. The attorney also reminded that court that it had just signed an order continuing the July 19, 2002 hearing. The court heard testimony with regards to the child support issue and then entered an order requiring the appellant to release account funds to the former wife within three days, and holding her in contempt and incarcerating her for ten days should she fail to do so.
In this case, the notice of hearing was served on appellant on July 12, 2002. Appellant’s counsel appeared at the hearing held on July 19, 2002. However, appellant was not given an opportunity to be heard due to the fact that she was out of the country. The same trial judge who signed the order on July 11, 2002, continuing the hearing set for July 19, 2002, because appellant would be out of the country, held the hearing on July 19, 2002 and over objection by appellant’s attorney held appellant in contempt of court.
Based on the foregoing, we reverse and remand for an evidentiary hearing after all parties to the dissolution as well as appellant have been given notice and an opportunity to be heard.
REVERSED AND REMANDED.
GUNTHER and KLEIN, JJ, concur.